IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH O. MUSCAT IV and ELGENE MUSCAT,<br><br>          Plaintiffs,<br><br>v.<br><br>PRIME WEST JORDANELLE, LLC; et al.,<br><br>          Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:08-cv-420-TS-PMW<br><br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is a motion filed by Hill, Johnson & Schmutz attorneys Stephen E. Quesenberry and Charles L. Perschon (collectively, the "HJ&S attorneys") to withdraw as counsel of record for Defendants Prime West Jordanelle, LLC ("Prime West") and Nathan Welch (collectively, "Defendants").[2] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written submissions. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 14.

[2] *See* docket no. 9. In their motion, the HJ&S attorneys also seek to withdraw as counsel of record for Prime West Jordanelle II, LLC. *See id*. Prime West Jordanelle II, LLC, however, has never been named officially as a party in this case. Accordingly, the court will not address that portion of the motion.

For the reasons set forth in the motion, the court has concluded that the HJ&S attorneys have satisfied the requirements for withdrawing without Defendants' consent by (1) filing a motion to withdraw that was "served upon the client[s] and all other parties or their attorneys" and (2) certifying that Defendants have "been notified in writing of the status of the case including the dates and times of any scheduled court proceedings, pending compliance with any existing court orders, and the possibility of sanctions." DUCivR 83-1.4(a)(2). Because a trial date has not yet been scheduled in this case, the requirements of rule 83-1.4(a)(3) are not applicable. *See* DUCivR 83-1.4(a)(3).

The HJ&S attorneys have established all of the necessary requirements for withdrawal under rule 83-1.4(a). *See* DUCivR 83-1.4(a). Accordingly, their motion to withdraw as counsel of record for Defendants is **GRANTED**.

Because the court has permitted the HJ&S attorneys to withdraw, certain responsibilities are now imposed upon Defendants. Those responsibilities are set forth in rule 83-1.4(b), which provides:

> Whenever an attorney withdraws or dies, is removed or suspended, or for any other reason ceases to act as attorney of record, the party represented by such attorney must notify the clerk of the appointment of another attorney or of his decision to appear pro se within twenty (20) days or before any further court proceedings are conducted.

DUCivR 83-1.4(b). While rule 83-1.4(b) provides for a party to appear pro se, it is well settled that a business entity, such as Prime West, is not allowed to appear pro se in federal court. *See, e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Harrison v. Wahatoyas,*

*L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001); *DeVilliers v. Atlas Corp.*, 360 F.2d 292, 294 (10th Cir. 1966); *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962).

Consistent with those principles, **IT IS HEREBY ORDERED:**

1. The HJ&S attorneys shall notify Defendants in writing of their obligations under rule 83-1.4(b).

2. In the written notification to Prime West, the HJ&S attorneys shall indicate that Prime West is not permitted to appear pro se.

3. Pursuant to rule 83-1.4(b), within twenty (20) days of the date of this order:

    a. Nathan Welch shall provide the court and all counsel of record in this case with a written notice naming his new counsel or, alternatively, his decision to appear pro se. If Mr. Welch retains counsel, said counsel shall promptly file a formal notice of appearance in this case.

    b. Prime West shall provide the court and all counsel of record in this case with a written notice naming its new counsel. Said counsel shall then promptly file a formal notice of appearance in this case.

**IT IS SO ORDERED**.

DATED this 19th day of August, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge