IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH O. MUSCAT, IV and ELGENE MUSCAT,<br><br>    Plaintiffs,<br><br><br><br>      vs.<br><br><br>PRIME WEST JORDANELLE, LLC, NATHAN WELCH, STEPHEN F. PATTERSON, SCOTT MACRITCHIE, and JOHN DOES 1-10,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO SET ASIDE DEFAULT<br><br><br><br><br>Case No. 2:08-CV-420 TS |

      This matter is before the court on Defendant Scott MacRitchie's Motion to Set Aside Default Judgment.  Plaintiffs filed their original Complaint against Defendant Prime West Jordanelle, LLC ("Prime West") on May 23, 2008.[1]  Plaintiffs' Amended Complaint, which added MacRitchie, Nathan Welch, and Stephen F. Patterson as individual Defendants, was filed June 12, 2008.[2]  Mr. MacRitchie did not file an answer within 20 days, and on August 2, 2008, Plaintiffs filed a Motion

---

[1]Docket No. 1.

[2]Docket No. 3.

for Entry of Default as to Mr. MacRitchie.[3]  A Default Certificate was entered as to Mr. MacRitchie

on August 4, 2008.[4]  Mr. MacRitchie filed this Motion to Set Aside Default Judgment on August 21,

2008,[5] along with a proposed Answer to the Amended Complaint.[6]

## I.  BACKGROUND

The following facts are taken from the parties' memoranda.  The case arises from allegedly

fraudulent statements made by the Defendants in this case to Plaintiffs, who relied upon the

statements in entering into a contract for land, in connection with the development of that land (the

"Project").  Mr. MacRitchie was an employee of T. Lewis Consulting ("T. Lewis") when Prime West

hired T. Lewis to work on the Project.  At some point, Mr. MacRitchie left T. Lewis, and Defendant

Nathan Welch, a principal of Prime West, invited Mr. MacRitchie to remain working on the Project

as a consultant.  Mr. Welch gave Mr. MacRitchie the title of Managing Director of the Project, but

Mr. Welch and Mr. McRitchie claim that Mr. MacRitchie provided only consulting services as an

independent contractor.

When the Amended Complaint was filed, Mr. MacRitchie was duly served and contacted Mr.

Welch to inquire regarding the matter.  Mr. Welch told Mr. MacRitchie that Prime West would

provide representation for Mr. MacRitchie.  Mr. MacRitchie claims that he relied upon that statement

by Mr. Welch and did not file a response.  Unfortunately for Mr. MacRitchie, Mr. Welch did not

inform Prime West's attorneys that they would need to appear on behalf of, and answer on behalf

---

[3]Docket No. 12.

[4]Docket No. 13.

[5]Docket No. 17.

[6]Docket No. 16.

of, Mr. MacRitchie.  After learning of the default judgment, Mr. MacRitchie filed an answer and a Motion to Set Aside Default Judgment.  Mr. MacRitchie claims that his failure to file a response prior to August 21, 2008 was excusable neglect.

Plaintiffs respond that Mr. MacRitchie was a principal of Prime West, so that he would certainly have known that he was not being represented.  Plaintiffs argue that Mr. MacRitchie has provided no evidence to show that his assumptions regarding representation were excusable.  Plaintiffs also argue that Mr. MacRitchie has no meritorious defense.  For the reasons discussed below, the Court will grant the Motion to Set Aside Default.

## II.  DISCUSSION

The Parties argue the Motion under the terms of Fed.R.Civ.P. 60(b).  However, Fed.R.Civ.P. 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  An entry of default has been entered in this case, but not a default judgment; therefore, the Court will construe the motion as a Motion to Set Aside a Default under the "good cause" standard of Rule 55(c).  "[I]t is well established that the good cause required by Fed.R.Civ.P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed.R.Civ.P. 60(b)."[7]

"The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the

---

[7]*Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

3

plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."[8]

First, the Court must consider whether the default was the result of culpable conduct of the Defendant. "If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone."[9] "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default."[10] Considering this factor, the Court cannot find that Defendant MacRitchie's failure to file an answer was the result of culpable conduct. As discussed above, Defendant MacRitchie was informed that Prime West's attorneys would file a response on his behalf, which they did not do. Once Defendant MacRitchie discovered that an entry of default had been entered against him, he immediately filed a Motion to Set Aside Default, further evidencing that he was not aware that Prime West's attorneys had not filed an answer on his behalf.

Next, the Court must determine whether Plaintiff would be prejudiced if the default were set aside. Plaintiffs have offered no evidence that they would be prejudiced by granting Mr. MacRitchie's Motion. Because Plaintiffs are still pursuing their claims against Prime West, allowing Mr. MacRitchie to continue in the case will not add any unfair burden upon Plaintiffs.

Finally, the Court must consider whether Defendant MacRitchie has presented a meritorious defense. "Defendant does not need to demonstrate a likelihood of success on the merits, but rather,

---

[8]*Hunt v. Ford Motor Co.*, 65 F.3d 178, *3 (10th Cir. 1995).

[9]*Id.*

[10]*Id. See also United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) ("Generally, a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default.").

4

defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."[11]   Here, Defendant has filed an Answer to Amended Complaint that advances a number of meritorious defenses, including material breach by plaintiffs, and substantial performance.  Therefore, the Court finds that Defendant MacRitchie has shown this factor.

## III.  CONCLUSION

Based on the above, the Court finds that Defendant MacRitchie has shown good cause for not filing an Answer to the Amended Complaint within twenty days of service of the Amended Complaint.  Pursuant to Fed.R.Civ.P. 55(c), it is therefore

ORDERED that Defendant Scott MacRitchie's Motion to Set Aside Default (Docket No. 17) is GRANTED.

DATED   October 27, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[11]*Fink v. Swisshelm*, 185 F.R.D. 353, 355 (D. Kan. 1999).

5