IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH O. MUSCAT IV and ELGENE MUSCAT,<br><br>Plaintiffs,<br><br>v.<br><br>PRIME WEST JORDANELLE, LLC; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08-cv-420-TS-PMW<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Paul M. Warner |

District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Joseph O. Muscat IV and Elgene Muscat's (collectively, "Plaintiffs") unopposed motion for leave to amend their complaint[2] and (2) a motion filed by attorney David E. Hardy to withdraw as counsel of record for Prime West Jordanelle, LLC ("Prime West") and Nathan Welch.[3] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written submissions. *See* DUCivR 7-1(f). The court will address the motions in turn.

---

[1] *See* docket no. 14.

[2] *See* docket no. 39.

[3] *See* docket no. 41.

Plaintiffs' motion for leave to amend their complaint is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 15(a)(2).  Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires."  *Id*.; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  Based upon that lenient standard, as well as the fact that Plaintiffs' motion is unopposed, *see* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court[] granting the motion without further notice."), Plaintiffs' motion for leave to amend their complaint[4] is **GRANTED**.  Plaintiffs shall file their amended complaint within ten (10) days of the date of this order.

Mr. Hardy's motion to withdraw as counsel for Prime West and Mr. Welch is governed by rule 83-1.4(a) of the Rules of Practice for the United States District Court for the District of Utah.  *See* DUCivR 83-1.4(a).  The first two subsections of that rule contain different requirements for a motion to withdraw depending upon whether the withdrawal is sought with or without the client's consent.  *See* DUCivR 83-1.4(a)(1)-(2).  In this case, Mr. Hardy has obtained written consent to his withdrawal from both Prime West and Mr. Welch,[5] thereby complying with the relevant requirements set forth in the first two subsections of rule 83-1.4(a).  *See* DUCivR 83-1.4(a)(1).

---

[4]  *See* docket no. 39.

[5]  *See* docket no. 41 at 3-4.

The last subsection of rule 83-1.4(a) contains additional requirements for a motion to withdraw if a trial date has been scheduled.  *See* DUCivR 83-1.4(a)(3).  Because a trial date has been scheduled in this case,[6] Mr. Hardy must comply with those requirements.  For the reasons set forth in Mr. Hardy's motion, and in light of the seemingly transient nature of Prime West's and Mr. Welch's relationships with counsel in this case,[7] the court has determined that good cause exists to allow Mr. Hardy to withdraw as counsel of record for Prime West and Mr. Welch.  *See id*. (providing three circumstances in which an attorney will be allowed to withdraw after a trial date has been scheduled, including when "the court is otherwise satisfied for good cause shown that the attorney should be permitted to withdraw").

Mr. Hardy has established all of the relevant requirements for withdrawal under rule 83-1.4(a).  *See* DUCivR 83-1.4(a)(1), (3).  Accordingly, his motion to withdraw as counsel of record for Prime West and Mr. Welch[8] is **GRANTED**.

Because the court has permitted Mr. Hardy to withdraw as counsel of record for Prime West and Mr. Welch, certain responsibilities are now imposed on Prime West and Mr. Welch.  Those responsibilities are set forth in rule 83-1.4(b), which provides:

> Whenever an attorney withdraws or dies, is removed or suspended, or for any other reason ceases to act as attorney of record, the party represented by such attorney must notify the clerk of the appointment of another attorney or of his decision to appear pro se

---

[6] *See* docket no. 35.

[7] *See* docket nos. 9-11, 15, 22-23, 29-33, 41.

[8] *See* docket no. 41.

>within twenty (20) days or before any further court proceedings are
>conducted.

DUCivR 83-1.4(b).  While rule 83-1.4(b) allows a party to appear pro se, it is well settled that a business entity, such as Prime West, is not allowed to appear pro se in federal court.  *See, e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001); *DeVilliers v. Atlas Corp.*, 360 F.2d 292, 294 (10th Cir. 1966); *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962).

Consistent with those principles, **IT IS HEREBY ORDERED:**

1. Mr. Hardy shall notify both Prime West and Mr. Welch in writing of their obligations under rule 83-1.4(b).

2. In the written notification to Prime West, Mr. Hardy shall indicate that Prime West is not permitted to appear pro se.

3. Pursuant to rule 83-1.4(b), within twenty (20) days of the date of this order:

    a. Mr. Welch shall provide the court and all counsel of record in this case with a written notice naming his new counsel or, alternatively, indicating his decision to appear pro se.  If Mr. Welch chooses to retain new counsel, said counsel shall promptly file a formal notice of appearance in this case.

    b. Prime West shall provide the court and all counsel of record in this case with a written notice naming its new counsel.  Said counsel shall then promptly file a formal notice of appearance in this case.

As a final matter with respect to the motion to withdraw before the court, the court notes that while Mr. Hardy has been allowed to withdraw as counsel of record for Prime West and Mr. Welch, his notice of appearance indicates that he also represents Stephen F. Patterson and Scott Macritchie in this case.[9]  Because Mr. Hardy's motion to withdraw fails to make any reference to or provide written consent from either Mr. Patterson or Mr. Macritchie, Mr. Hardy remains as their counsel of record in this case.

**IT IS SO ORDERED**.

DATED this 20th day of August, 2009.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[9] *See* docket no. 33.