IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH O. MUSCAT, IV, and ELGENE MUSCAT, individuals, VALINE A. QUINN, as TRUSTEE of THE VALINE A. QUINN SEPARATE PROPERTY TRUST WITHIN THE PAUL R. AND VALINE A. QUINN FAMILY LIVING TRUST; ARROWHEAD ENTERPRISES, LLC, a Utah limited liability company, <br><br>        Plaintiffs, <br><br> vs. <br><br> PRIME WEST JORDANELLE, LLC; NATHAN WELCH, an individual; SCOTT MACRITCHIE, an individual; and JOHN DOES 1 through 10, <br><br>        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT <br><br><br> Case No. 2:08-CV-420 TS |

      This matter is before the Court on Defendants MacRitchie's and Patterson's Motion to Set Aside Entry of Default, and Plaintiffs' Motion for Default Judgment. Plaintiffs filed their original Complaint against Defendant Prime West Jordanelle, LLC ("Prime West") on May 23, 2008.[1] Plaintiffs' Amended Complaint, which added Scott MacRitchie, Nathan Welch, and

---

[1] Docket No. 1.

1

Stephen F. Patterson as individual Defendants, was filed on June 12, 2008.[2] The Certificate of Service attached to the Amended Complaint shows it was sent to Prime West Jordanelle, LLC only.[3] Neither Mr. MacRitchie nor Mr. Patterson filed an answer within 20 days, and on August 2, 2008, Plaintiffs filed a Motion for Entry of Default as to Mr. MacRitchie.[4] A Default Certificate was entered as to Mr. MacRitchie on August 4, 2008.[5] Mr. MacRitchie filed a Motion to Set Aside Default Judgment on August 21, 2008,[6] along with a proposed Answer to the Amended Complaint.[7] This Court granted that motion on October 28, 2008.[8] On March 12, 2009, David Hardy entered an appearance on behalf of Defendants Patterson and MacRitchie.[9] On July 28, 2009, Mr. Hardy submitted a motion to withdraw as Defendants' counsel, which was granted by Magistrate Judge Paul M. Warner on August 20, 2009.[10] On August 24, 2009, Plaintiffs filed an Amended Complaint against all Defendants.[11] The certificate of service attached therewith states that it was electronically filed using the CM/ECF system, and was sent

---

[2] Docket No. 3.

[3] Docket No. 3 at 12.

[4] Docket No. 12.

[5] Docket No. 13.

[6] Docket No. 17.

[7] Docket No. 16.

[8] Docket No. 28.

[9] Docket No. 33.

[10] Docket Nos. 28, 33. Although there is no subsequent notice of appearance for Mr. Hardy on Defendants' behalf, given the fact that he submitted the last motion, it appears that he is currently representing Defendants Patterson and MacRitchie in this matter.

[11] Docket No. 45.

via first class mail to David. E. Hardy, 5532 Lillehammer Lane, Suite 300, Park City, Utah.[12]  On September 2, 2009, the mail was returned as undeliverable to Defendant Patterson.[13]  The docket also notes that mail was returned to the clerk as undeliverable to Defendant Patterson on May 29, 2009.[14]  On September 18, 2009, Plaintiffs filed another notice of application of default against all Defendants.[15]  On October 16, 2009, the Clerk of Court entered a default certificate as to all Defendants.[16]  On October 26, 2009, the docket reflects another "Mail Returned as Undeliverable" entry as to Defendant Patterson.[17]  On November 2, 2009, Defendant MacRitchie filed a response to the clerk's entry of default certificate, and on November 13, 2009 Defendants MacRitchie and Patterson filed this motion.[18]  Concurrently filed with this motion was an Affidavit of David E. Hardy which states his address to be the listed address but with, Suite 100, not Suite 300.[19]  The affidavit additionally states that he does not receive pleadings via the Electronic Case Filing System; the only pleadings he has received since his first appearance as counsel were this Court's Memorandum Decision dated August 8, 2009, and the Court's Entry of Default Certificate, dated October 16, 2009.[20]  The affidavit goes on to state that he did not

---

[12] Docket No. 45 at 11.

[13] Docket No. 46.

[14] Docket No. 36.

[15] Docket No. 48.

[16] Docket No. 51.

[17] Docket No. 52.

[18] Docket Nos. 53, 55.

[19] Docket No. 57.

[20] *Id.*

receive copies, nor was he aware of the Motion to Amend Complaint, Memorandum, Request to Submit for Decision, Amended Complaint, Notice of Application for Default Judgment, Notice to Enter Default Judgment, and Motion for Default Judgment.[21] Plaintiffs have not filed a memorandum in opposition to this motion.

## I. Background

The following facts are taken from the parties' memoranda. The case arises from allegedly fraudulent statements made by the Defendants in this case to Plaintiffs, who relied upon the statements in entering into a contract for land, in connection with the development of that land (the "Project"). Mr. MacRitchie was an employee of T. Lewis Consulting ("T. Lewis") when Prime West hired T. Lewis to work on the Project. At some point, Mr. MacRitchie left T. Lewis, and Defendant Nathan Welch, a principal of Prime West, invited Mr. MacRitchie to remain working on the Project as a consultant. Mr. Welch gave Mr. MacRitchie the title of Managing Director of the Project, but Mr. Welch and Mr. MacRitchie claim that Mr. MacRitchie provided only consulting services as an independent contractor. For the reasons discussed below, the Court will grant the Motion to Set Aside Entry of Default.

## II. Discussion

The Defendants filed this motion under, Fed. R. Civ. P. 55(c) which provides: "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."[22] "The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the

---

[21]*Id*.

[22]FED. R. CIV. P. 55(c).

plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."[23]

First, the Court must consider whether the default was the result of culpable conduct of the Defendant. "If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone."[24] "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default."[25] Considering this factor, the Court cannot find that either Defendant MacRitchie's or Defendant Patterson's failure to file an answer was the result of culpable conduct. As previously discussed, Defendants' attorney Mr. Hardy stated in his affidavit that he had not received any of the pleadings requiring a response.[26] The docket reflects that when Defendant MacRitchie was aware of a filed pleading, he responded in a timely fashion.[27] Moreover, the docket references four separate instances in which mail, intended for receipt by Defendant Peterson, was returned to the Court as undeliverable.[28] Because there is a docket entry for every instance of undelivered mail, Plaintiffs received notices that the mail was undeliverable.

---

[23]*Hunt v. Ford Motor Co.*, 65 F.3d 178, at *3 (10th Cir. 1995).

[24]*Id.*

[25]*Id. See also United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) ("Generally, a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default.").

[26]Docket No. 57.

[27]*See* Docket Nos. 16-19, 51, 53, 58.

[28]Docket Nos. 36, 46, 52, 62.

Next, the Court must determine whether Plaintiffs would be prejudiced if the default were set aside. Plaintiffs have offered no evidence that they would be prejudiced by granting Mr. MacRitchie's and Mr. Patterson's Motion.

Finally, the Court must consider whether Defendants have presented a meritorious defense. "Defendant does not need to demonstrate a likelihood of success on the merits, but rather, defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."[29] Here, Defendant MacRitchie has filed an Answer to the Second Amended Complaint that advances a number of potential meritorious defenses, including estoppel, waiver and unclean hands. Therefore, the Court finds that Defendant MacRitchie has shown this factor. Although Defendant Patterson has not filed an answer, he is a party to this Motion which indicates to the Court that some response will be filed. Because the technical time for answering has already passed the Court orders Defendant Patterson to file a response to the Second Amended Complaint within twenty (20) days of this Order according to Rule 12 of the Federal Rules of Civil Procedure.

Additionally, as Plaintiffs have not responded to this motion the Court is free to grant to motion without further notice.[30]

### III. Conclusion

Based on the above, the Court finds that Defendants MacRitchie and Patterson have shown good cause for not filing an Answer to the Second Amended Complaint within twenty days of service of the Amended Complaint. Because the Court has found good cause for not

---

[29] *Fink v. Swisshelm*, 185 F.R.D. 353, 355 (D. Kan. 1999).

[30] DUCivR 7-1(d).

filing an Answer to the Second Amended Complaint, it will deny Plaintiffs' Motion for Default. Pursuant to Fed. R. Civ. P. 55(c) and DUCivR7-1(d), it is hereby

ORDERED that Defendants Scott MacRitchie and Stephen F. Patterson's Motion to Set Aside Entry of Default (Docket No. 55) is GRANTED. It is further

ORDERED that Plaintiffs' Motion for Default Judgment (Docket No. 50) is DENIED. It is further

ORDERED that Defendant Stephen F. Patterson respond to the Second Amended Complaint within twenty (20) days. It is further

ORDERED that the parties eliminate further communication problems by securing the proper addresses and that Defendants respond in a timely manner going forward. It is further

ORDERED that the hearing set for Friday, January 15, 2010 at 10:00 a.m. is hereby stricken.

DATED   January 11, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

7